UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| KENNETH J. MOORE | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-302 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

**MEMORANDUM OPINION**

The plaintiff Kenneth J. Moore has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt to deny his application for disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Mr. Moore was born in 1940 and was 62 years old at the time of his administrative hearing. [Tr. 53]. He completed college and has relevant past work experience as a distribution postal clerk, mail carrier, hotel clerk, and machine operator. [Tr. 17]. Mr. Moore alleges he is disabled as of January 29, 2002, from bilateral carpal tunnel syndrome, tendonitis in his wrists, chronic overuse of his wrists, and hypertension. [*Id.*]. Based upon a finding that his impairment of bilateral carpal tunnel syndrome was not severe enough, the Administrative Law Judge [ALJ] found

that Mr. Moore was not disabled as defined by the Social Security Act. [Tr. 19].

Mr. Moore was a patient of Watauga Orthopaedics from April 1997 through March 2000. [Tr. 91-108]. His main complaint was left hand and left wrist pain with numbness in his fingers. [Tr. 108]. During this time, Mr. Moore was diagnosed with carpal tunnel syndrome on both the right and left side. [Tr. 102, 107]. In June 1997, he had surgery on his left hand for his carpal tunnel syndrome. [Tr. 103]. Mr. Moore had a similar surgery on his right hand in March 1998. [Tr. 98]. In May 1998, Mr. Moore was instructed not to push, pull, grip, or carry more than 20 pounds using both of his hands together. [Tr. 97]. In June 1998, his physician put him on permanent "medium duty," which meant he should not "lift, push, pull, carry, or grip more than 50 pounds using both hands together and 20 pounds frequently." [Tr. 95]. In March 2000, Mr. Moore presented with complaints of right ankle pain. [Tr. 92].

In May 2002, Karl Konrad, Ph.D., M.D., evaluated Mr. Moore in connection with his application for disability benefits. [Tr. 132-34]. According to Dr. Konrad, Mr. Moore had no impairment-related physical limitations, except for some visual problems. [Tr. 134]. The doctor noted that Mr. Moore had "probable bilateral cataracts with decreased corrected right visual acuity." [*Id*.].

Also in May 2002, Dr. John Sherrill, one of Mr. Moore's treating physicians,

wrote a letter on Mr. Moore's behalf to the Tennessee Department of Human Services. [Tr. 135-36]. According to Dr. Sherrill, Mr. Moore's prognosis for returning to work was "virtually impossible to nil." [Tr. 135]. Dr. Sherrill indicated Mr. Moore could sit, stand, and walk without restriction. [Tr. 136]. His ability to carry and lift was restricted to 20 pounds for no more than five minutes continuously for one hour in an eight-hour workday. [*Id*.]. Also, his ability to drive was restricted to one hour continuously for no more than four hours total in an eight-hour workday. [*Id*.].

Still in May 2002, Dr. Robin Richard evaluated Mr. Moore in connection with his application for disability benefits. [Tr. 137-44]. The doctor found Mr. Moore could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, and sit/stand/walk for about six hours in an eight-hour workday. [Tr. 138].

In October 2002, Dr. Sherrill completed a Medical Assessment of Ability to Do Work-Related Activities (Physical) for Mr. Moore. [Tr. 161-63]. According to Dr. Sherrill, Mr. Moore could occasionally lift a maximum of 20 pounds and could frequently lift no weight at all. [Tr. 161]. His ability to reach, handle, feel, push/pull, and see were all affected by impairments. [Tr. 162]. Mr. Moore should also be restricted from being around moving machinery, temperature extremes, and vibrations. [Tr. 163].

3

At Mr. Moore's administrative hearing held on November 12, 2002, the testimony of Mr. Moore was received into evidence. [Tr. 201-09]. Mr. Moore testified he had not worked since January 29, 2002. [Tr. 201]. Prior to that, he worked at the post office as a distribution clerk. [*Id*.]. Before working at the post office, Mr. Moore worked as a hotel desk clerk. [Tr. 201-02]. He indicated the one impairment that prevents him from working is pain in his hands and wrists that began in 1992. [Tr. 202]. Mr. Moore also testified that he has cataracts in both eyes. [Tr. 205]. He must use a magnifying glass when reading. [*Id*.]. The medications Mr. Moore takes do not eliminate his pain, but they do "cut it down a little bit." [Tr. 207].

The ALJ ruled that Mr. Moore was not disabled because his severe impairment of bilateral carpal tunnel syndrome was not severe enough. [Tr. 19]. The ALJ then found he could perform a full range of light exertion work. [*Id*.]. And, based upon his RFC for light work, Mr. Moore could return to his position as a hotel clerk. [Tr. 20].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

4

Case 2:04-cv-00302   Document 15   Filed 06/13/05   Page 4 of 7   PageID #: 20

*Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Moore requests summary judgment and contends the ALJ improperly dismissed Dr. Sherrill's medical opinions. The ALJ indicated that he rejected the opinion of Dr. Sherrill that Mr. Moore was permanently disabled by carpal tunnel syndrome and DeQuervains tendonitis because his opinion was apparently based on Mr. Moore's complaints and not on the objective evidence of record. [Tr. 19]. Dr. Sherrill was Mr. Moore's treating physician. Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

Dr. Sherrill's opinion of total disability was in conflict with other substantial evidence. The other evidence in the medical record conflicts with Dr. Sherrill's

5

opinion and indicates that Mr. Moore should not "lift, push, pull, carry, or grip more than 50 pounds using both hands together and 20 pounds frequently." [Tr. 95]. Another doctor found that Mr. Moore could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, and sit/stand/walk for about six hours in an eight-hour workday. [Tr. 138]. Yet another doctor found that Mr. Moore did not have any physical limitations, aside from his visual problems. [Tr. 134]. No physician, aside from Dr. Sherrill, has indicated that Mr. Moore is unable to work at all.

Similarly, Dr. Sherrill's opinion of total disability is not supported by the medical records. The record is void of evidence of medical or diagnostic testing or objective evidence that would lend credence to Dr. Sherrill's opinion. The ALJ stated that Dr. Sherrill's opinion appears to stem from Mr. Moore's subjective complaints, and this court does not see any evidence to dissuade it from accepting that view. The ALJ did not err in his finding that Dr. Sherrill's opinions should be rejected.

Mr. Moore also challenges the ALJ's finding that he could perform light work and return to his past relevant work as a hotel clerk. The ALJ noted that the state agency physicians limited Mr. Moore to medium work, but he gave him the benefit of the doubt by limiting him to light work. [Tr. 19]. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). The only evidence in the record to

6

Case 2:04-cv-00302   Document 15   Filed 06/13/05   Page 6 of 7   PageID #: 22

suggest that Mr. Moore could not lift such weight is the opinion of Dr. Sherrill. As discussed above, however, that opinion was properly rejected by the ALJ.

In addition, Mr. Moore indicated that his job as a hotel clerk included checking in guests, inspecting rooms, completing credit card slips, and preparing bills. [Tr. 75]. The heaviest weight he would lift was 10 pounds. His own description of his position coincides with the definition of light work under 20 C.F.R. § 404.1567(b). The ALJ did not err in finding Mr. Moore could perform light work and return to his previous position as a hotel clerk.

Accordingly, the plaintiff's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

   ENTER:

            s/Thomas Gray Hull
            THOMAS GRAY HULL
             SENIOR U. S. DISTRICT JUDGE